JOHN M. FRIEND

MAY 01 2008

## IN THE NEBRASKA DISTRICT COURT IN AND FOR DOUGLAS COUNTY

| ALLEN MILLER, | |
|---|---|
| Plaintiff, | CASE NO. 1082-655 |
| v. | |
| DR. RAJDEEP SINGH SANDHU, MD; DR. APAR GANTI, MD; DR. MARK A. CARLSON, MD; OTHER UNKNOWN MEDICAL PERSONNEL FROM UNIVERSITY OF NEBRASKA MEDICAL CENTER; STATE OF NEBRASKA d/b/a UNIVERSITY OF NEBRASKA MEDICAL CENTER, | PETITION AT LAW<br><br>Assigned to Judge _Schatz_ |
| Defendants. | |

COMES NOW the Plaintiff in the above-captioned matter, Allen Miller, and for his cause of action against the above-named Defendants in this matter, hereby states the following causes of action:

### JURISDICTION, PARTIES AND VENUE

1. The Plaintiff is currently a resident of the State of Iowa.

2. Defendants Dr. Rajeep Singh Sandhu, MD, Dr. Apar Ganti, MD, and Dr. Mark A. Carlson, MD were general surgeons; were at all times material hereto practicing medicine in Omaha, Douglas County, Nebraska and were at all times acting as agents, employees or were otherwise the responsibility of the State of Nebraska. These individuals are responsible for the injuries complained of herein, and sued herein in both their official and individual capacities.

3. The State of Nebraska d/b/a University of Nebraska Medical Center is a named Defendant in this case because they are the entities for which some or all of the individual defendants were employees or agents for the same.

4. Plaintiff seeks recovery of an amount herein that is in excess of jurisdictional requirements of the laws and rules of the state of Nebraska.

5. Venue is appropriately placed in Douglas County, Nebraska, as the actions giving rise to this matter took place in Douglas County, Nebraska.

## STATEMENT OF FACTS

6. On January 12, 2005, Plaintiff had colon cancer surgery at the Veteran's Administration Hospital located in Omaha, Nebraska. Dr. Rajdeep Singh Sandhu performed the surgery, and Dr. Mark Carlson and Dr. Apar Ganti were in attendance, along with unknown medical personnel employed by the University of Nebraska Medical Center.

7. That shortly after the surgery it was discovered that three lap sponges were left in Plaintiff's abdomen, as well as gauze and other material.

8. That due to the surgeon and surgical staff's inaccurate sponge count the Plaintiff was required to undergo an additional surgery on July 19, 2005, in order to remove the sponges.

9. That the client continued to have rectal drainage from his first surgery for many months after the original surgery.

10. That on September 19, 2005, while the Plaintiff was undergoing a fistulogram/fistulostomy, it was discovered that the Plaintiff had retained gauze material inside his rectal wound from the first surgery which had kept the wound open and draining.

11. That the gauze was removed on September 19, 2005.

12. That it was necessary for the Plaintiff to utilize a colostomy bag from his first surgery.

13. That on or about January 1, 2007, Plaintiff filed a formal complaint with the Nebraska State Tort Claims Board.

14. That on or about November 5, 2007, Plaintiff received via certified mail a denial from the Nebraska State Tort Claims Board.

## COUNT I

15. That one or more of the Defendants were negligent in one or more of the following particulars:

    a. in failing to use and exercise a degree of skill, care and learning ordinarily possessed and exercised by physician, physicians' assistants, nurses and other persons in similar circumstances;

    b. in failing to properly examine, diagnose and treat Allan Miller's signs, symptoms and conditions;

    c. in failing to properly count surgical sponges, sharps, and instruments both prior to the surgery and after the procedure was complete.

    f. in failing to make proper referrals;

    g. in failing to report mistakes made by other medical personnel to superiors and/or following procedures to report same in order to protect the patients in Plaintiff's position;

    i. In failing to provide proper facilities, procedures, resources and personnel to protect the patients.

16. That the acts and omissions of one or more of the Defendants in these matters and circumstances described above are the proximate cause of Plaintiff's damages as more specifically described in the subsequent paragraph.

17. That as a direct and proximate result of one or more of the Defendants, Plaintiff suffered damages including but not limited to the following:

    a. Past and future expenses for medical services;

    b. loss of body and mind;

    c. past and future mental and physical pain and suffering;

    d. severe emotional distress

    e. past and future loss of function;

    f. past and future loss of consortium;

    g. past and future lost wages;

    h. loss of life span;

    i. any other damages as provided by law under the circumstances

WHEREFORE, Plaintiff, Allen Miller prays for judgment against the Defendants in an amount sufficient to compensate him for his damages, together with costs and interest as provided by law.

## COUNT II

## COUNT II – RES IPSA LOQUITUR

21. That the surgeon and medical staff were so palpably negligent when they left sponges, gauze, and other material in the Plaintiff that negligence may be inferred as a matter of law.

22. That the general experience and observation of mankind teaches that the result of

the sponges being left in the Plaintiff would not be expected without negligence.

WHEREFORE, Plaintiff, Allen Miller prays for judgment against the Defendants in an amount sufficient to compensate him for his damages, together with costs and interest as provided by law.

Respectfully submitted,

Ryan J. Ellis, 21434
ELLIS LAW OFFICES, P.C.
209 N. Buxton
Indianola, Iowa 50125
Ph: 515-962-9080/Fax: 515-961-2779
ATTORNEY FOR PLAINTIFF

Original filed.

Plaintiffs demand trial by jury. Appropriate jury demand filed contemporaneously with Petition at Law as per RCP 177.